**SQUIRE, Supt., etc., Plaintiff, v. GUARDIAN TRUST COMPANY, et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 438880. Decided May 18, 1945

## OPINION

By McNAMEE, J:

This is a motion by defendants Arthur L. Stone and George Garretson Wade to strike plaintiff's fourth amended petition from the files because of failure to plead or, in the alternative, to require the plaintiff to notify the Court that he has elected to stand upon his fourth amended petition. A ruling upon this motion requires a consideration and determination of the validity and effect of a nunc pro tunc order which was granted by this court on August 23rd, 1944, effective as and for March 2nd, 1943. The facts essential to an understanding of the ruling made are as follows:

In February, 1943, these defendants filed motions attacking plaintiff's fourth amended petition. By these motions defendants sought to have the fourth amended petition stricken from the files because of plaintiff's alleged noncompliance with previous orders of the court, or "in the event the motion to strike from the files is overruled" that the plaintiff be required to separately state and consecutively number each of the causes of action contained in his fourth amended petition. (Additional requests for relief in the alternative also were included in these motions but have no relevancy to the questions here presented.)

On March 1st, 1943, one of the members of this court in ruling upon said motions made the following oral statement from the bench:

"The motions to separately state and number are granted. The motion to strike from the files because of the violation of the previous order of the court is granted. The petition is stricken from the files. Exception noted. No further leave to plead is granted. The action is dismissed; judgment for defendants for costs."

On March 3, 1943, counsel for plaintiff and defendants appeared before the trial judge for the purpose of incorporating these statements of the court in a journal entry. Two forms of journal entry were submitted for the court's approval. The form tendered by plaintiff substantially conformed to the oral pronouncements made by the court on March 1st, 1943. It embodied not only the court's declaration striking the fourth amended petition from the files, but also the statement granting the motion to separately state and number. The trial judge refused to sign this form of entry but adopted and signed the journal entry submitted by defendants, which con-

tained a provision striking the fourth amended petition from the files and in express terms overruled the motions seeking "other relief." The motion to separately state and number was, of course, included in the motions which were overruled. The pertinent part of this journal entry of March 3rd, 1943, reads:

"It is therefore ordered, adjudged and decreed that the fourth amended petition is hereby stricken from the files for failure to conform with previous orders of this court; that to the extent that certain of said motions seek other relief the same are, by reason of the striking of said petition, each hereby overruled; and that the action is hereby dismissed and costs are adjudged against the plaintiff."

Plaintiff appealed from this judgment, and on February 16th, 1944, the Court of Appeals reversed the same. The journal entry of the Appellate Court reads, in part, as follows:

"* * * and the judgment of said Court of Common Pleas is reversed, because said court on March 3rd, 1943, erred in sustaining motions of defendants to strike the fourth amended petition from the files and in striking the fourth amended petition from the files and in dismissing said action. And this cause is remanded to said Court of Common Pleas for further proceedings according to law."

Thereafter, on August 23, 1944, upon motion of these defendants, the Common Pleas Court entered an order nunc pro tunc, as follows:

"This 23rd day of August, 1944, upon application of counsel for defendants W. H. Hunt, A. L. Stone, G. G. Wade and James W. Warwick, for a decree nunc pro tunc, it appearing from the record of this Court that on the 16th day of February·1944, the Court of Appeals reversed the judgment of this Court entered March 3, 1943, on the ground that this Court erred in sustaining the motions of defendants to strike the fourth amended petition from the files and in striking the fourth amended petition from the files and in dismissing said action, this cause is taken up by this Court at the point where the Court of Appeals found the error of this Court was committed, and, upon examination of the bill of exceptions filed herein by said plaintiff, see page 415, the Court finds the motions to separately state and number filed by said defendants were on the 1st day of March, 1943, granted by this Court immediately prior to the granting of the motions to strike and

the motions to dismiss said action, and, since the record of this Court contains no journal entry of said action of the Court in granting said motions to separately state and number, said plaintiff is hereby ordered to separately state and number each of the causes of action contained in his petition. This judgment is entered herein this 23rd day of August, 1944, as of and for the 2nd day of March, 1943. The Court grants to the plaintiff an exception and makes this decree conditioned upon the plaintiff having from the date hereof · whatever rights said plaintiff would have had if this decree had in fact been entered upon the journal of this Court on March 2, 1945. Plaintiff excepts."

At the same time the Court granted plaintiff leave to file a further amended petition by September 16, 1944.

No further amended petition was filed by September 16, 1944, or at any time thereafter.

Plaintiff insists that the nunc pro tunc entry of August 23, 1944, is ineffective and that he ought not to be bound thereby. Defendants contend that this entry is valid in all respects and that plaintiff's failure to comply therewith is a violation of a lawful order of this court.

The parties are in serious disagreement with respect to the effect of the Court of Appeals' decision upon the Common Pleas Court's judgment of March 3, 1943. Plaintiff claims that no appeal having been taken from that part of the judgment overruling the motions for "other relief", that the ruling on these motions remains unaffected by the judgment of reversal.

Defendants, on the other hand, assert that the. Court of Appeals' decision completely vacated and set aside all of the Common Pleas Court's entry of March 3, 1943. The Court finds it unnecessary to decide between these conflicting views. In granting the nunc pro tunc order of August 23rd, 1944, the trial judge apparently assumed that defendant's position in this regard was correct. For this reason, and without deciding the point at issue, this Court, will, for the purpose only of this analysis, proceed on the same assumption.

Defendants contend for the proposition that the Court of Appeals' decision was effective to "wipe out" the Common Pleas Court's judgment of March 3rd, 1943, in its entirety, thereby nullifying that portion of the journal entry which overruled the motions seeking "other relief" as well as that part of the entry which struck the fourth amended petition from the files and dismissed the action. From this premise defendants argue that after the reversal of its judgment, the Common Pleas Court was· authorized ·to resume proceedings

in the case at the point where the error was first made. They contend further that inasmuch as the action of the Court in overruling the motions for "other relief", was vacated by the Court of Appeals' decision and the fourth amended petition reinstated thereby, the way was cleared for journalizing the oral ruling of March 1st, on the motion to separately state and number, by an order nunc pro tunc. It would seem, however, that the conclusion reached by defendants disregards the clear implications of the argument from which it proceeds.

The contention that the Court of Appeals' decision cleared the way for this Court to enter the oral ruling of March 1st, 1943, retroactively on the journal, by necessary implication, admits that such oral statement was without legal efficacy until the judgment of March 3rd, 1943, was reversed. This goes beyond merely asserting that the Court of Appeals' decision "wiped out" the ruling of March 3rd, 1943. The ultimate logic of such an argument is that the appellate court's decision **revived** the oral statement of March 1st, 1943, relating to the motion to separately state and number, as the final ruling upon that motion. The Court of Appeals' decision did not and could not revive, or impart vitality, to an order that had no legal existence. Unless the oral statement of March 1st, granting the motion to separately state and number was a final adjudication of this court, **effective at all times thereafter,** it was not a judicial act subject to recordation upon the journal by an entry nunc pro tunc.

"The office of such an order is to correct the record so as to cause it to show an act of the court which, though actually done at a former term, was not entered on the journal; it cannot lawfully be employed to amend the record so as to make it show that some act was done at a former term, which might or should have been, but was not, then performed."

27 O. Jur. Sec. 25, pages 776 and 777; Cleveland Leader v. Green, 52 Oh St 487; Huber Mfg Co. v. Sweny, 57 Oh St 169.

It is to be conclusively presumed that the journal entry of March 3, 1943, correctly recorded the action of this court in overruling the motions seeking "other relief." Speaking the truth, this entry recited the only definitive action of the court on the motion to separately state and number. Two contradictory rulings upon the same motion cannot co-exist in law as adjudications of equal verity. Being mutually ex-

clusive one or the other must fall. A court speaks only through its journal. Consequently, when the Court on March 3rd, 1943, in its journal entry, overruled the motions seeking "other relief" it repudiated the oral statement, granting the motion to separately state and number, and thereby rendered that oral statement meaningless as a judicial act. True, the statement remains in the record, but only as an indication of the action the court would have taken if it had not dismissed the case.

The rulings of March 1st, 1943, were inconsistent with each other. Obviously if the action were to be dismissed, plaintiff could not be expected to file a further amended petition as he would be required by the ruling to separately state and number his causes of action. This anomaly was recognized and corrected by the trial judge at the time he signed the journal entry on March 3, 1943. After that time, the oral statement of March 1, 1943, relating to the motion to separately state and number, had no more legal effect than if it had been expunged from the records of the court.

The Court of Appeals' reversal did not restore this case as a pending action in the Common Pleas Court as of March 2nd, 1943. After receipt of the mandate from the Court of Appeals this court may have had authority to consider and rule upon the motions seeking "other relief," but it was without power to grant these motions as of a time antedating its own erroneous dismissal of the case. There was no legal basis for a nunc pro tunc entry.

"The power to enter such judgments or orders is restricted ordinarily to the subsequent recording of judicial action previously and actually taken."

**2nd Par. Syllabi Nat. Life Ins. Co. v. Kohn, 133 Oh St 111.**
The oral statement of March 1st with respect to the motions to separately state and number did not represent "judicial action previously and actually taken."

In **Jacks v. Adamson, 56 Oh St, page 397,** it is stated at page 402 of the opinion:

"The inherent power of courts of record to correct their records in furtherance of justice is of ancient exercise. It is admitted that the power exists, and that it is restricted to placing upon the record evidence of judicial action which has been actually taken—that it can be exercised only to supply omissions in the exercise of functions that are clerical merely."

By no stretch of logic can it be asserted that the entry of August 23rd, 1944, supplied omissions that were "clerical merely."

Of particular relevancy to the question here considered is the statement appearing in the second paragraph of the syllabi of **Reinbolt v. Reinbolt, 112 Oh St, 526,** as follows:

"2. A trial court is without power to alter his conclusion by nunc pro tunc entry at a term subsequent to the term of the original entry."

This Court is of the opinion, and therefore holds, that when a judgment of the Common Pleas Court is reversed by the Court of Appeals, the lower court is without power to alter its judgment, as reviewed by the appellate court, by an entry nunc pro tunc.

In the **third** paragraph of the syllabi of National Insurance Company v. Kohn, supra, it is declared that:

"3. When a court exceeds its power in entering a purported nunc pro tunc judgment or order such judgment or order is invalid."

For the reasons hereinabove indicated it is held further that the entry of this Court made on August 23, 1944, granting defendants' motion to separately state and number as of and for March 2nd, 1943, is invalid and without legal effect.

As hereinabove noted the questions raised by this motion have been considered upon the supposition that defendants' claim with respect to the effect of the Court of Appeals' decision is correct. If plaintiff's opinion on that subject were adopted, it would follow, also, and with greater reason, that the nunc pro tunc entry is invalid. Manifestly, if that part of the entry of March 3, 1943, overruling the motions seeking "other relief" stands unreversed, there is a complete absence of any ground upon which to base a claim that the nunc pro tunc order of August 23, 1944, is valid.

Defendants' motion is denied as to both requests with exceptions granted to said defendants.